**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:92 CR 268** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Gary McClellan,** | ) | **<u>Memorandum of Opinion and Order</u>** |
| **aka Malik Asad Al-Malaki** | ) | |
| **Defendant.** | ) | |

### <u>Introduction</u>

This matter is before the Court upon defendant's *pro se* Motion for Reduction in Sentence (Doc. 216) and Supplement to Motion for Sentencing Reduction under 18 U.S.C. § 3582 (c)(1)(A)(i) for Compassionate Release due to Covid-19 Circumstances filed by counsel (Doc. 219).  The government has opposed the motion. For the following reasons, the motion is GRANTED.

### <u>Facts</u>

Defendant was found guilty by a jury on 7 counts of an indictment: possession of powder

cocaine (Count One), possession of 27.05 grams of crack cocaine (Count Two), illegal possession of a firearm (Counts Three and Six), using and carrying a firearm in relation to a drug trafficking crime (Counts Four and Seven), and possession of 170.51 grams of crack cocaine (Count Five).  He was found to be a career offender.  He was sentenced in 1993 to life imprisonment consecutive to 25 years (300 months) on Counts Four and Seven.  He has served 28 years.       In March 2019, defendant, through counsel, filed a First Step Motion.  This Court granted the motion on May 10, 2019, reducing defendant's sentence to 10 years on Counts One, Two, and Five, consecutive to the 300 months on Counts Four and Seven. Terms of supervised release were lowered as well.  At the time, defendant was 57 years old and had already served 27 years.  (His new sentence amounted to a total of 35 years.)

In the briefing on the First Step Motion, defendant submitted copious evidence of his rehabilitative efforts during his years of imprisonment.  He had had only one minor infraction and earned dozens of achievement awards, certificates of academic achievement, and placements in positions of responsibility within the prison. Defendant has submitted further evidence of his continued rehabilitation efforts since this Court granted his reduction last year.

Additionally, as to his career offender designation, counsel previously demonstrated that defendant's three prior convictions would likely no longer be considered career offender predicates.

Defendant currently has a release date of May 24, 2022.  However, the Bureau of Prisons (BOP) has approved him for 12 months of service at the halfway house, which usually includes a period of home confinement.  Defendant states that if the requested relief is granted, he will go to live with his sister in Aurora, Colorado.  The residence has been confirmed by the BOP as a

potential residence, and a probation officer in the District of Colorado has confirmed its suitability and approved of it.  The District of Colorado is willing to accept transfer of defendant's supervised release.

Defendant is currently incarcerated at a medical facility at FMC Rochester.  The effects of the Covid-19  pandemic on the Bureau of Prisons as a whole need not be restated here. Defendant states that as he is 58 years old and suffers from hypertension and high blood pressure, he is at a heightened risk.

Defendant now moves under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i).  Defendant requests a reduction in his custodial sentence to time served, and to be placed on home confinement.  It is undisputed that defendant has exhausted his administrative remedies.

### Discussion

For the following reasons, the Court finds that a combination of factors warrant a reduction in defendant's sentence to time served.

18 U.S.C. § 3582(c)(1)(A) provides:

**(c) Modification of an imposed term of imprisonment.-**-The court may not modify a term of imprisonment once it has been imposed except that–

(1) in any case–

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–

3

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; ...

The Sentencing Commission adopted U.S.S.G § 1B1.13 as the applicable policy statement which provides:

Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–

(1)(A) Extraordinary and compelling reasons warrant the reduction; or

(B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

The application notes to § 1B1.13 list three categories of "extraordinary and compelling" reasons: (A) medical condition, (B) age of the defendant along with health, and (C) family circumstances.  Additionally, subsection (D) provides: "Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."

A growing list of federal courts have concluded that the public health crisis presented by

4

the Covid-19 pandemic in conjunction with a defendant's pre-existing health condition establishes an extraordinary and compelling reason for compassionate release.  See, for e.g., *United States v. Muniz,* 2020 WL 1540325 (S.D.Tex. March 30, 2020), *United States v. Campagna,* 2020 WL 1989829 (S.D.N.Y. March 27, 2020).  Defendant does not offer evidence that he has a medical condition of the type and gravity insufficiently addressed by the BOP. However, the Court finds that the perils presented by the Covid-19 pandemic are one factor among several which warrant the sentence reduction.

The Court further finds that defendant's rehabilitation efforts, in conjunction with the other factors discussed herein, warrant the reduction.

Additionally, the First Step Act discontinued the former practice of "stacking" multiple convictions under 21 U.S.C. § 924(c)(1)(A) for firearms violations during a crime of violence before a prior conviction under the same subsection became final. If convicted today, defendant would have received two 60 month sentences rather than the 300 months.  The amendment is not retroactive.  However, a majority of district courts have concluded that § 3582(c)(1)(A) gives a court independent discretion to determine whether there are extraordinary and compelling circumstances to reduce a sentence, and have used the compassionate release statute to remedy stacked § 924(c) sentences.  The courts reason that although the Sentencing Commission is responsible for defining what should be considered extraordinary and compelling circumstances for sentence reduction, its policy statement (U.S.S.G. 1B1.13) was written before the First Step Act passed and has not been amended although it is now inconsistent with the Act. Consequently, the application notes which set forth the specific extraordinary and compelling reasons have not been amended.  As a result, courts have concluded that they are not bound by

the policy statement/notes, and can determine whether any extraordinary and compelling reasons other than those delineated in the application notes warrant granting relief. See, for e.g., *McCoy v. United States*, 2020 WL 2738225 (E.D. Va. May 26, 2020), *United States v. Arey*, 2020 WL 2464796 (W.D. Va. May 13, 2020), *United States v. Scott*, 2020 WL 2467425 (D. Md. May 13, 2020), *United States v. Marks*, 2020 WL 1908911 (W.D. NY. April 20, 2020), and *United States v. Decator*, 2020 WL 1676219 (D. Maryland 4/6/20). The Court finds that defendant's "stacked" sentence, in conjunction with the other factors discussed herein, warrant the reduction.

Finally, the Court finds that defendant does not pose a threat to the community. Additionally, defendant has less than 12 months of confinement remaining, and has an approved placement of residence.

Accordingly, the Court concludes that a combination of factors warrants the reduction of defendant's sentence to time served and placement on home confinement: the Covid-19 pandemic along with defendant's age and health, defendant's rehabilitation efforts, the disparity between defendant's "stacked" sentence and the one he would have received if sentenced after the passage of the First Step Act, the fact that defendant does not pose a threat to the community, the fact that defendant has less than 12 months of confinement remaining, and the fact that he has an approved placement of residence.

**Conclusion**

For the foregoing reasons, defendant's Motion for Reduction in Sentence is granted.

IT IS SO ORDERED.


            /s/ Patricia A. Gaughan
           PATRICIA A. GAUGHAN
           United States District Court
           Chief Judge

Dated: 6/3/20